Grover, J.
The defendant, under the general denial in its answer, had the right to introduce proof controverting any fact that the plaintiff was required to prove to establish his cause of action. For this purpose, it must show a conversion of the wool by the defendant. To do this it proved a demand of the wool from the defendant, and its failure to deliver. This was evidence tending to show a conversion, which, unexplained, would justify finding that fact. The defendant, under the answer, had a right to explain this by showing an excuse for its failure to deliver, and thereby repel any inference of a conversion deducible therefrom. This it endeavored to do, by evidence tending to show that it had previously delivered the wool to Logan, under circumstances constituting a good delivery to the plaintiff. This was competent, under' the answer. The defendant received the wool, as a common carrier, from the Hew York Central railroad, at Albany, with bills of charges, etc., accompanying the same, as follows : “ Order Ontario Bank (the plaintiff), deliverable at Coen ties’ slip (city of Hew York), and advise R. Logan, 6 South William street, Hew York.” The duty of the defendant, upon the receipt of the wool, was to carry it to Hew York, and then deliver it as directed by the bill of charges, having, so far as appears, no other information as to the ownership of the property. A delivery to a party not entitled to receive it would constitute a conversion. (Redfield on Carriers, § 318 ; Hawkins v. Hoffman, 6 Hill, 586.) The defendant in fact advised Logan of the arrival of the wool in question, and delivered the same to him at the place specified. The question is *515 whether such delivery was a defence to the action of the plaintiff. It was proved that the wool was shipped hy Pooley at Guelph, in Canada, by the Coburg, etc., railroad, from which he received bills of lading requiring transport and delivery as above stated, and drew drafts upon Logan at thirty days, which were accepted by him. That he procured these drafts to be discounted for him by the plaintiff, and transferred to it the bills of lading. By this transfer the title to the property vested in the plaintiff. (Bank of Rochester v. Jones, 4 N. Y., 497; Cayuga Bank v. Daniels, 47 id., 631.)
It further appeared that Logan was a commission merchant in Hew York, and was employed by the shipper to make sales of wool shipped by him, and was his correspondent in Hew Y"ork, and that these facts were communicated to the plaintiff by the shipper. The facts alone would not, I think, constitute a defence to the action. I think it sufficiently appeared upon the bill of charges, or paper received from the Hew York Central with the property, that it was deliverable to the plaintiff or its order, and that the direction to advise Logan did not authoi’ize a delivery to him by the defendant, but implied nothing more than an understanding with him to give information to the party entitled to receive delivery or to enable him to procure authority from the plaintiff therefor. The fact that he had accepted drafts drawn by the shipper did not give him any title to the property in the absence of an agreement to that effect. The title to the property, we have seen, was transferred by the shipper to the plaintiff as security upon the discount of the drafts, and the plaintiff had a right to retain this title until actual payment of the bills. It was not obliged to transfer it to Logan upon acceptance of the drafts by him. Ho such agreement was shown. Indeed the inference from the facts shown is that the drafts had been accepted by Logan at the time of this discount by the plaintiff. Had no further proof been given, I should have been of opinion that the plaintiff was entitled to recover for the conversion of the wool. But it was proved that prior to the delivery by the defendant of the wool in question, *516 other packages of wool shipped by the same shipper had been received by the defendant at the same place, delivered to it by the Hew York Central, with substantially a similar bill of charges, whose drafts had been drawn upon and accepted by Logan and the wool had been delivered to Logan with the knowledge and acquiescence of the plaintiff and of Pooley, the shipper, and that Logan had paid the drafts so drawn. Among the legal conclusions the judge finds that the authority of Logan to receive the wool had been recognized and assented to by the plaintiff with respect to such previous shipments, under similar circumstances, and that the defendant had a right to rely upon the authority of the plaintiff to take possession of the wool in dispute. This, although included in the legal conclusions, is substantially a finding of fact, arid if correctly found, shows that the defendant had a right to regard Logan as the agent of the plaintiff for the receipt of the wool. The question is not what • actual power in this respect had been given by the plaintiff to Logan; but what, from the course of business with the knowledge and acquiescence of the plaintiff, the defendant had the right to assume had been given. (1 Parsons on Contracts [5th ed.], 40.) The case shows that a large number of parcels had been shipped under the same circumstances, which had been delivered by the defendant to Logan. This must have been known to the plaintiff, or its correspondent, the city bank to which the drafts discounted by the plaintiff had been sent for collection, and to which they were paid by Logan, doubtless from the proceeds of the wool delivered to and sold by him. To such delivery, in those cases, no objection was made, either by the plaintiff or the city bank. The defendant knew nothing of the drafts drawn upon or paid by Logan. It only knew that he received the delivery of the wool, and from the delay of the plaintiff in making any objection to his authority to receive it, when it must have known that it had been so delivered, was justified in the belief that he had its authority for receiving it. Upon this ground the judgment for the defend *517 ant was right, irrespective of the other reasons for sustaining it assigned by the judge and the judges at General Term.
Ho question appears to have been made upon the trial, but that all the wool in question had been delivered by the defendant to Logan. The judge must be assumed to have so found, and there is no exception to his finding in this respect. The fact that the witness, in enumerating packages delivered, omitted to specify some, his attention not being called to the point whether there had been a failure to deliver any, was immaterial.
The judgment appealed from must be affirmed, with costs.
All concur.
Judgment affirmed.